IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LENORA RICE, on behalf of herself and other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAKS FIFTH AVENUE LLC,<br><br>Defendant. | Case No.<br><br>CLASS ACTION COMPLAINT FOR:<br><br>1. Violations of the Telephone Consumer Protection Act;<br><br>2. Violations of the Illinois Consumer Fraud Act;<br><br>3. Violations of the Illinois Prizes and Gifts Act.<br><br>JURY TRIAL DEMANDED |

Plaintiff Lenora Rice brings this class action complaint and demand for jury trial against Defendant Saks Fifth Avenue LLC to stop its practice of making unlawful and deceptive text message solicitations to consumers' cellular telephones and to obtain redress for all persons injured by that conduct. Plaintiff alleges as follows upon personal knowledge, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**NATURE OF THE ACTION**

1.      Defendant Saks Fifth Avenue LLC is the company behind the popular chain of retail clothing stores named "Saks Fifth Avenue."

2.      In order to solicit more business, Defendant sends unlawful telemarketing and/or advertising text messages to thousands of consumers' cellular telephones nationwide.

3.      Defendant does not obtain the required consent from such consumers to make such text message calls and, therefore, repeatedly violates the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Defendant also violates the TCPA by failing to provide in every text message advertisement an automated mechanism to opt out of receiving such messages.

4. In order to make the unauthorized phone calls at issue in this case, Defendant duped consumers into agreeing to receive those calls. In so doing, Defendant made material misrepresentations to consumers and intended consumers to rely on those misrepresentations. Because these misrepresentations caused the Plaintiff and class members actual harm, Defendant violated the Illinois Consumer Fraud Act, 815 ILCS 505/1, *et seq.* ("ICFA").

5. In the course of making the unauthorized phone calls at issue in this case, Defendant offered consumers entry into a "contest" for free Saks merchandise. In so doing, Defendant did not provide any consumer with the odds of winning its "contest." As a result, many consumers (including Plaintiff and class members) joined a "contest" that they otherwise would not have. This omission by Defendant caused Plaintiff and class members loss, and so was a violation of the Illinois Prizes and Gifts Act.

6. As a result of the foregoing violations of law, Plaintiff, on behalf of herself and the putative class, seeks an injunction requiring Defendant to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation of law, together with costs and reasonable attorneys' fees.

**PARTIES**

7. Plaintiff is a natural person and citizen of the State of Illinois.

8. Defendant Saks is a New York-based clothing and apparel company that does business under the registered trade names "Saks Fifth Avenue," "Saks OFF 5TH," and "Saks Fifth Avenue OFF 5TH."

9. Defendant conducts business in Illinois and throughout the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 for Plaintiff's claims arising under the federal Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227, *et seq*. This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 (b)-(c) and 1441(a) because a substantial part of the events giving rise to the claim occurred in this District.

## FACTS COMMON TO CLASS MEMBERS

12. In an effort to increase its profits and increase awareness among American consumers of the Saks brand, Defendant undertakes a Text Telemarketing Campaign. The Text Telemarketing Campaign involves texting subscribers a Saks-related advertisement every 2-3 days. The text advertisements are generally notices of sales promotions at Saks stores or other "deals" on Saks merchandise. For example: "Save up to 60% off on select styles at the Designer Sale! Check out deals at our stores starting 12/18."

13. Defendant employs a misleading, deceptive, and fraudulent tactic for securing subscribers to their Text Telemarketing Campaign: "Gift Card Contests."

14. Defendant makes consumers aware of Gift Card Contests by displaying advertisements on Saks' websites.

15. These advertisements are extremely simple. Each consists of a short statement that flashes on Saks' websites. For example: "Win a $250 Saks Gift Card Text Gift To 75283."

16. In fact, the Gift Card Contest is an intentionally misleading offer designed by Defendant to "bait-and-switch" consumers into subscribing to Defendant's Text Telemarketing Campaign.

17. After a consumer texts the Gift Card Contest keyword (e.g. "gift" in the above example) to Defendant's phone number, that consumer simultaneously receives two text messages (the "Initiating Text Messages") that are identical or substantially similar to the following:

(1) *Thanks for entering the Saks Text Alerts Sweepstakes! Details: http://s5a.in/T0Yla5*

(2) *Saks Text Alerts: You're Almost In! Reply Y to confirm opt-in. 3 automated msgs/wk sent to this #. Consent is not a condition of purchase: http://terms.s5a.in/*

18. As shown above, the Initiating Text Messages are devoid of any mention of "telemarketing" or "advertising."

19. As shown above, the Initiating Text Messages imply a consumer's entry to the Gift Card Contest by referring to it as the "Saks Text Alerts *Sweepstakes*." However Defendant's second, simultaneously sent message that also uses the "Saks Text Alerts" phrase as well the phrase "you're almost in!" suggests to consumers that were not yet, in fact, entered into the contest.

20. Nowhere in the website advertisement for the Gift Card Contest (an exemplar of which is found in Paragraph 15 of this complaint) is it made clear that the Gift Card Contest or "Saks Text Alerts Sweepstakes" is distinct from Defendant's Text Telemarketing Campaign, the "Saks Text Alerts."

21. Because they were not provided the proper disclaimers, and because of the misleading language of the Initiating Text Messages, Plaintiff and class members were unaware that by texting "y" in response to the Initiating Text Messages, they were *not* just entering to win a gift card.

22. By texting "y" in response to the Initiating Text Messages, Plaintiff and class members immediately became enrolled in Defendant's Text Telemarketing Campaign. And so in reality, Defendant's second, simultaneously sent message is an advertisement for Defendant's Text Telemarketing Campaign.

23. Additionally, after unknowingly becoming enrolled in Defendant's Text Telemarketing Campaign, Plaintiff and class members were never informed about the outcome of the contest—which was the reason they texted to Defendant in the first place.

24. Defendant crafted the language in the Initiating Text Messages and the advertisements for the Gift Card Offer to mislead consumers about what they were agreeing to so that they could enroll more consumers into the Text Telemarketing Campaign.

25. Plaintiffs and class members manifested nothing more than their interest in a Saks gift card when they texted the Gift Card Contest keyword to Defendant's phone number.

26. Plaintiff and class members did not provide their prior express written consent to receive Defendant's advertising and/or telemarketing text messages.

27. Nor did Plaintiff and class members provide their prior express written consent to receive Defendant's text advertising its Text Telemarketing Campaign.

28. Defendant also repeatedly failed to disclose in each advertising/telemarketing text message how to opt out of the Text Telemarketing Campaign. Because Defendant sends so many texts to class members, it is common for class members to miss, delete or otherwise lose track of the marginal number of text messages that provide instructions on how to escape the Text Telemarketing Campaign. This is purposeful on the part of the Defendant, because it seeks to disseminate as many text advertisements as possible to increase its bottom line.

29. The nature and quantity of the text messages sent by Defendant indicates that it used an ATDS.

30. Specifically, Defendant sent thousands of text messages to class members from an SMS number. Each message is written in an impersonal manner and does not address class members by name.

31. The hardware and software used by Defendant to send these messages have the capacity to store, produce, and/or dial random and sequential numbers, receive and/or store lists of telephone numbers, and to dial such numbers *en masse* in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially like a predictive dialer, since it can send numerous text messages simultaneously (all without human intervention).

32. Through its conduct, Defendant caused class members actual harm by sending the unauthorized text messages at issue. Plaintiff and members of the class were not only subjected to the nuisance that necessarily accompanies the receipt of unauthorized text messages, but also because consumers frequently must pay their cell phone service providers for the receipt of such text messages. Additionally, class members were harmed by the inconvenience and confusion attendant to receiving ATDS messages that do not include opt-out directions.

33. Moreover, Plaintiff and members of the class suffered injuries in the form of invasion of privacy and violations of their statutory rights, the monies paid to receive Defendant's unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription service (i.e. the value of such equipment and services is higher when unencumbered by repeated and harassing text messages), the amount of time lost answering and fielding unwanted telemarketing text messages, the wear and tear on their telephone equipment,

the loss of battery (which becomes diminished with each incoming text message), the loss of battery life (which has a finite number of charging cycles), and electricity costs required to recharge their cellular phones.

34. The telemarketing and/or advertising text messages alleged herein are exclusively made by Defendant. Defendant makes, sends or had made and/or sent on their behalf, the same (or substantially the same) text message *en masse* to thousands of cellular telephone numbers.

35. Defendant were and are aware that the above-described text messages were being sent on a widespread basis, and that the text messages were being sent to consumers who had not provided prior express written consent to receive them.

36. Defendant also purposely failed to apprise Plaintiff and class members of the odds of the "Saks Text Alerts Sweepstakes."

37. Had Plaintiff and class members been made aware of the odds of the contest, they would not have joined the contest.

38. The above factual allegations are true for Plaintiff Lenora Rice and members of the class.

## PLAINTIFF LENORA RICE

39. On November 27, 2015 Ms. Rice sent the keyword "GIFT" from her cellular telephone number ending in ("-2077") to Defendant's SMS number "75283" in hopes of obtaining—by the plain terms of the Gift Card Contest—a gift card from Saks.

40. In response, Ms. Rice simultaneously received the following two consecutive text messages at the "-0277" number from "75283":

> Thanks for entering the Saks Text Alerts Sweepstakes! Details: http://s5a.in/T0Yla5

7

> Saks Text Alerts: You're Almost In! Reply Y to confirm opt-in. 3 automated msgs/wk sent to this #. Consent is not a condition of purchase: http://terms.s5a.in/

41. Ms. Rice replied by texting "Y" from her "-0277" number to "75283" to confirm her claim for the gift card. In response, Ms. Rice immediately received the following text message at the "-0277" number from "75283":

> Saks Text Alerts: Welcome! Up to 3 autodialed msgs/wk at this number. Text HELP for info, STOP to cancel. Msg&data rates may apply. T&C's: http://terms.s5a.in/

42. Ms. Rice texted the word "Entry" from her "-0277" number to "75283" to, again, confirm her claim for the gift card. In response, Ms. Rice immediately received the following message at the "-0277" number from "75283":

> Saks Text Alerts: You sent an invalid response to the Saks Text Alerts short code. Text HELP for info, STOP to cancel. Msg&data rates may apply.

43. From November 30, 2015 to June 29, 2016, Ms. Rice received a total of 53 text message advertisements at her "-0277" number. None of the text messages consisted of an alert or other notification regarding her entry into Defendant's sweepstakes.

44. Instead, all 53 text messages consisted of advertisements for Saks merchandise.

45. For example, on December 5, 2015, at approximately 12:02 PM, Defendant texted:

> Saks: ONE DAY, ONLINE ONLY: Take 10% OFF Sitewide! Use Code SAKS2015.
>
> Shop: http://s5a.in/70Xocn

46. On January 11, 2016, at approximately 4:02 PM, Defendant texted:

> Saks: Don't miss out...FINAL SALE is going strong! Save up to 70% on the season's most covetable pieces.
>
> Shop: http://s5a.in/O0vs3F

47. On February 10, 2016, at approximately 12:07 PM, Defendant texted:

8

> Saks: Discover the Spring Runway Collection from Gucci, featuring the LATEST shoes & handbags.
>
> Shop: http://s5a.in/10puwM

48. The remaining text messages sent by Defendant consisted solely of advertisements promoting Saks products, similar to those above.

49. Out of the 53 advertisements she received, only 6 disclosed to Ms. Rice how to discontinue further messages.

50. To the date of this filing, Ms. Rice has never received a "text alert" regarding the "sweepstakes" she entered when she texted "GIFT" to "75283" in November of 2015.

## CLASS ACTION ALLEGATIONS

51. **Class Definitions:** Plaintiff Lenora Rice brings this action on behalf of herself and as a representative and member of three sub-classes defined as follows:

> **The TCPA Class:** All individuals in the United States whose cellular telephone number Defendant, or someone on Defendant's behalf, texted in connection with Defendant's Gift Card Offer promotions.
>
> **The Illinois Consumer Fraud Class**: All Illinois residents whose cellular telephone number Defendant, or someone on Defendant's behalf, texted with a solicitation for Saks merchandise following that class members opt-in to Defendant's Gift Card Offer promotion.
>
> **The Prizes and Gifts Act Class**: All Illinois residents who attempted to win Defendant's Gift Card Offer.

Excluded from the subclasses are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and

Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

52. **Numerosity:** The exact number of the members of each subclass is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. Upon information and belief, Defendant solicited thousands of consumers who fall into the definition of one or more subclasses.

53. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the putative subclasses, and those questions predominate over any questions that may affect individual class members. Common questions include, but are not necessarily limited to the following:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant sent text messages to Class Members using an ATDS, as contemplated by the TCPA;

    (c)    Whether Defendant systematically sent advertising and/or telemarketing text messages to Class Members who did not previously provide them with prior express written consent to receive such text message calls;

    (d)    Whether Defendant sent advertising and/or telemarketing text messages to Class Members that did not include opt-out instructions; and

    (e)    Whether Plaintiff and Class Members are entitled to treble damages based on the willfulness of Defendant's conduct.

    (f)    Whether Defendant's conduct was deceptive under the Illinois Consumer Fraud Act.

  (g)  Whether Defendant intended for Plaintiff and Class Members to rely on their deceptive conduct.

  (h)  Whether Defendant hosted a "contest" under the provisions of the Illinois Prizes and Gifts Act.

  (i)  Whether Defendant disclosed the odds of their "contest" as required by the Illinois Prizes and Gifts Act.

54. **Typicality:** Plaintiff's claims are typical of the claims of other members of the subclasses in that Plaintiff and class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

55. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the subclasses and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the subclasses. That is, Plaintiff and class members sustained damages as a result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the subclasses, and Defendant have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the subclasses and have the financial resources to do so. Neither Plaintiff nor her counsel have any interest adverse to the subclasses.

56. **Appropriateness**: This class action is also appropriate for certification because Defendant have acted or refused to act on grounds generally applicable to the subclasses as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the subclass and making final class-wide injunctive relief appropriate. Defendant's practices apply to and affect the members of the subclass uniformly, and

Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the subclass as a whole, not on facts or law applicable only to Plaintiff. Additionally, the damages suffered by individual class members will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for class members to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

57. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definitions" based on facts learned through additional investigation and in discovery.

**COUNT I**
**(Violation of 47 U.S.C. § 227, *et seq.* – Telephone Consumer Protection Act)**
**(on behalf of Plaintiff and the Class)**

58. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

59. To solicit consumers, Defendant sent unauthorized and unwanted advertising and/or telemarketing text messages to Plaintiff and class members' cellular telephones without their prior express written consent.

60. Defendant sent the advertising and/or telemarketing text messages to Plaintiff and class members' cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse.*

61. Defendant utilized equipment that sent the advertising and/or telemarketing text messages to Plaintiff and other members of the putative class simultaneously and without human intervention.

62. Defendant took steps to physically place such text message calls and/or were so involved in placing the calls as to be deemed to have initiated them.

63. By sending the advertising and/or telemarketing text messages to Plaintiff and class members' cellular telephones without prior express written consent and by utilizing an ATDS, Defendant violated 47 U.S.C. § 227(b)(I)(A)(iii).

64. By failing to provide an automated, interactive voice and/or key press-activated opt-out mechanism for Plaintiff and class members to make a do-not-call request, Defendant also violated 47 U.S.C. § 64.1200(b)(3).

65. Because of Defendant's unlawful conduct, Plaintiff and the members of the putative class suffered actual damages and have also had their privacy rights adversely impacted. Plaintiff and the class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

66. Because Defendant's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative class.

67. Additionally, as a result of Defendant unlawful conduct, Plaintiff and other class members are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Defendant's violations of the TCPA do not continue into the future.

**COUNT II**
**(Violation of 815 ILCS 505/1, *et seq.* – The Illinois Consumer Fraud Act)**
**(on behalf of Plaintiff and the Illinois Consumer Fraud Act Class)**

68. As alleged above, Defendant's conduct in this case was deceptive.

69. Defendant concealed from Plaintiff and class members that they would receive telemarketing messages by entering Defendant's Gift Card Contest.

70. This concealment was not inadvertent, it was intentional. And Defendant intended Plaintiff and class members to rely on the misrepresentation.

71. As pled above, the deception plainly occurred in the course of trade and commerce.

72. Class members suffered actual damages proximately caused by Defendant's fraud, in that (1) they incurred additional charges from their respective cell phone companies by virtue of the unwanted messages; (2) their respective cell phones decreased in value, overall lifespan, and battery life with each offending text message; (3) class members lost time out of their day and their life (that can never be reclaimed) which is attendant to fielding, reading, and/or responding to unwanted text messages; and (4) class members suffered irritation and inconvenience by virtue of fielding, reading, and/or responding to unwanted text messages.

## COUNT III
### (Violation of 815 ILCS 525/1, *et seq.* – The Illinois Prizes and Gifts Act)
### (on behalf of Plaintiff and the Illinois Prizes and Gifts Act Class)

73. As alleged above, Defendant offers a "contest."

74. This contest purportedly offered its entrants, including Plaintiff and class members, a chance to win gift cards for Defendant's merchandise.

75. Defendant never disclosed to class members the odds of the winning the contest.

76. Plaintiff and class members suffered a loss in that they received text messages on their cellular phones that they otherwise would not have elected to receive had they had they known the odds of Defendant's contest.

77. The reception of the unwanted text messages constitutes a loss to Plaintiff and class members because 1) they incurred additional charges from their respective cell phone companies by virtue of the unwanted messages; (2) their respective cell phones decreased in value, overall lifespan, and battery life with each offending text message; (3) class members lost time out of their

day and their life (that can never be reclaimed) which is attendant to fielding, reading, and/or responding to unwanted text messages; and (4) class members suffered irritation and inconvenience by virtue of fielding, reading, and/or responding to unwanted text messages.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiff Lenora Rice, individually and on behalf of the class, prays for the following relief:

(a) An order certifying this case as a class action under Fed. R. Civ. P. 23(a) & (b)(3), appointing Plaintiff Lenora Rice as Class Representative and her attorneys as Class Counsel;

(b) Enter a judgment in favor of Plaintiff and the proposed class for all damages available under the TCPA, including $500.00 per violation and up to $1,500.00 per violation if Defendant willfully violated the TCPA;

(c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

(d) A declaratory judgment that the telephone calling equipment utilized by Defendant constitutes an automated telephone dialing system under the TCPA;

(e) A declaratory judgment that the Defendant's conduct violates the Illinois Consumer Fraud Act;

(f) A judgment awarding damages to Illinois Consumer Fraud Act class members;

(g) A declaratory judgment that the Defendant's conduct violates the Illinois Prizes and Gifts Act;

(h) A judgment awarding damages to the Illinois Prizes and Gifts Act class;

(i) An order requiring Defendant to disgorge any ill-gotten funds acquired as a result of their unlawful telephone calling practices;

(j)     An injunction requiring Defendant to cease all unsolicited text message activities, and otherwise protecting the interests of the Classes;

(k)     Award Plaintiff and the class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claims administration; and

(l)     Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues for which a jury trial is allowed.

*Respectfully submitted:*

*/s/ Jonathan Mille Kirkland*
_____

Roberto Luis Costales
William H. Beaumont
Jonathan Mille Kirkland
BEAUMONT COSTALES LLC
3151 W. 26th Street, Second Floor
Chicago, Illinois 60623
Telephone: (773) 831-8000
*Attorneys for Plaintiff Lenora Rice
and the Proposed Class*